UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: QUALITEST BIRTH CONTROL
PRODUCTS LIABILITY LITIGATION                                            MDL No. 2552


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in an action pending in the Northern District of Georgia move for centralization of this litigation in that district. This litigation currently consists of two actions pending in the Northern District of Georgia and the Western District of Missouri, as listed on Schedule A.[1] These actions arise from the September 15, 2011, recall of eight oral contraceptive products: Cyclafem 1/35, Cyclafem 7/7/7, Emoquette, Gildess FE 1.5/30, Gildess FE 1/20, Orsythia, Previfem, and Tri-Previfem (collectively, the "Qualitest birth control products"). Plaintiffs allege that they purchased one or more of the Qualitest birth control products and, as a result of a packaging error, the daily regimen for the birth control pills left them without adequate contraception and at risk for unwanted pregnancy.

The plaintiff in the action pending in the Western District of Missouri did not respond to the motion to centralize. Defendants Vintage Pharmaceuticals LLC, d/b/a Qualitest Pharmaceuticals, Endo Pharmaceuticals Inc., Endo Pharmaceutical Holdings Inc. (collectively, Qualitest) and Patheon Inc., however, oppose centralization. They argue that: (1) these actions primarily will involve individualized questions of fact; (2) the disparate procedural postures of these actions will reduce the impact of any efficiencies gained through centralization; and (3) the relatively rapid disposition of these actions through settlement or dismissal belies the need for centralization. Alternatively, should we decide that centralization is appropriate, the defendants propose the Western District of Missouri as the transferee district.

On the basis of the papers filed and hearing session held, we will deny plaintiffs' motion. Although these actions share factual questions arising out of the design, manufacturing, and packaging of the Qualitest birth control products, we are not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. It appears that individualized facts—particularly relating to whether each plaintiff received an improperly packaged Qualitest birth control product and whether

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1] There were four actions listed on the motion for centralization, but two of these actions—filed in the Central and Northern Districts of California—were subsequently dismissed pursuant to settlements. Additionally, the parties have notified the Panel of a related action pending in the Central District of California.

-2-

she became pregnant as a result of taking the pills in the wrong order—will predominate over the common factual issues alleged by plaintiffs.

Additionally, there is little to be gained from centralization at this time. Discovery in the action pending in the Western District of Missouri is complete, and dispositive motions are pending. Thus, there is scant need for coordinated or consolidated pretrial proceedings in these actions. In response to this concern, movants contend that there are 113 additional claimants that have not yet filed suit. This assertion does not weigh in favor of centralization. As we have stated previously, "we are disinclined to take into account the mere possibility of future filings in our centralization calculus." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013). Moreover, since all 113 potential plaintiffs would be represented by movants' counsel, voluntary coordination among the parties appears to be a preferable alternative to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan        Sarah S. Vance
R. David Proctor

IN RE: QUALITEST BIRTH CONTROL
PRODUCTS LIABILITY LITIGATION                              MDL No. 2552

## SCHEDULE A

Northern District of Georgia

BETANCOURT, ET AL. v. ENDO PHARMACEUTICALS, INC., ET AL.,
C.A. No. 1:11-03805

Western District of Missouri

RUSSELL v. VINTAGE PHARMACEUTICALS, LLC, ET AL., C.A. No. 4:13-00425